NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2194

KAREN ROMANO, IN HER INDIVIDUAL CAPACITY AND
AS PARENT AND LEGAL GUARDIAN OF MINOR CHILD, S.C.

v.

CHRISTOPHER S. YOUNG, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS A MEMBER OF THE PLAINFIELD TOWNSHIP POLICE DEPARTMENT;
DEAN CERAUL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF
OF POLICE OF THE PLAINFIELD TOWNSHIP POLICE DEPARTMENT;
PLAINFIELD TOWNSHIP

Karen Romano,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-07-cv-01708)
District Judge: Honorable Thomas M. Golden

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2010

Before: SCIRICA, Chief Judge, AMBRO, Circuit Judge, and JONES[*], District Judge

(Opinion filed: April 30, 201009)

_____

[*]The Honorable John E. Jones, III, United States District Judge for the Middle District
of Pennsylvania, sitting by designation.

## OPINION

AMBRO, Circuit Judge

Christopher Young, while employed as a Plainfield Township police officer, had a sexual relationship lasting several months with S.C., a 14-year-old minor. S.C.'s mother, Karen Romano, appeals the District Court's grant of summary judgment in favor of all defendants on her civil rights claims under 42 U.S.C. § 1983.[1] Specifically, she challenges the Court's conclusion that there was no genuine issue of material fact as to whether Young's actions were committed under color of state law. For the reasons that follow, we reverse and remand for further proceedings.[2]

### I.

The Young and Romano families were neighbors and close family friends. The first inappropriate encounter between Young and S.C. occurred on New Year's Eve, 2004. At Romano's request, Young stopped by her home to check on S.C. and her friends. He made sexual remarks to the minors and grabbed S.C.'s buttocks and breasts.

In May 2005, Young (age 27) and S.C. (age 14) began a sexual relationship that

---

[1] Romano brought suit against Young; Dean Ceraul, Chief of the Plainfield Township Police Department; and Plainfield Township.

[2] The District Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction over this appeal under 28 U.S.C § 1291.

lasted until late July. The two had sexual relations approximately five times, either at social events or at private meetings arranged by phone.

Romano learned of her daughter's relationship with Young when she found S.C.'s diary. After an investigation, Young pled guilty to statutory rape and was sentenced to 10 to 26 months' imprisonment. Romano then filed this suit.

II.

We exercise plenary review of the District Court's grant of summary judgment. *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999). We must determine whether the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R .Civ. P. 56(c). "[A]ll inferences in interpreting the evidence presented by the parties should be drawn in favor of the nonmoving party. Cases that turn crucially on the credibility of witnesses' testimony in particular should not be resolved on summary judgment." *Abraham*, 183 F.3d at 287 (citation omitted).

The District Court granted summary judgment based on its conclusion that there was no evidence from which a jury could conclude Young was acting under color of state law.[3] The Court reasoned that Young's close personal relationship with S.C.'s family, not

---

[3] To establish a § 1983 claim, the plaintiff must show: 1) a violation of a right secured by the Constitution or federal law; and 2) that the alleged deprivation was committed by a person acting under the color of state law. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

his status as a police officer, enabled the relationship, and that there was no evidence

Young furthered his "purely private acts" using his authority as a police officer. *See*

*Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994).

However, reaching this conclusion at the summary judgment stage is improper

given S.C.'s deposition testimony that Young threatened to put her brother in jail if she did

not have sexual relations with him, and that she was afraid Young would get her into

trouble because he was a police officer. (Appellees' Joint Supp'l App. 170, 177.[4]) This

testimony created a disputed material fact as to whether Young "purport[ed] to exercise

official authority." *Barna*, 42 F.3d at 816. Instead of weighing S.C.'s deposition

testimony in the light most favorable to the plaintiff, the Court itself weighed the evidence

and found her incredible, stating:

> Although [S.C.] testified at her deposition[] that she felt threatened by Young
> into having sex[] (. . . [including] that Young threatened to put her younger
> brother in jail if she did not comply)[,] and that she was scared that Young
> would get her in trouble because he is a cop, the record is completely devoid of
> any support for this assertion. According to the [Pennsylvania State Police
> Incident Report], [S.C.] specifically stated that Young had never threatened her.
> [S.C.] never wrote in her diary that Young threatened her or coerced her into
> having sex. Rohn and Compano both testified that [S.C.] never told her that she
> was forced by Young to have sexual relations. DeLorenzo testified that [S.C.]
> never told her that she felt threatened by or was afraid of Young. When asked
> at her deposition why prior to her deposition she had never told the police or the
> district attorney that Young had threatened her in any manner, [S.C.] was not
> forthcoming and repeatedly answered, "I don't know" or "I don't remember."

---

[4] We grant the Appellee's Joint Motion to Supplement the Appendix, especially as
many pages of the appendix provided by the Appellant are illegible.

*Romano v. Young*, No. 07-cv-1708, 2009 WL 839017, at *4 (E.D. Pa. Mar. 30, 2009) (internal citations omitted). This was a classic weighing of the evidence that is reserved for the sole province of the jury, not the Court at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). Looking at the victim's deposition testimony in the light most favorable to the plaintiff, we cannot agree that there is no genuine issue of material fact. Because the Court's grant of summary judgment in favor of Ceraul and Plainfield Township was based solely on its color-of-state-law determination as to Young, we reverse summary judgment as to those defendants as well.

Therefore, we reverse and remand for further proceedings.